UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Patrick Ryan Grande,

        Plaintiff,

v.

Hennepin County Sheriffs Dept.; Crawford, *Deputy - Badge 251*; Minnesota Security Hospital; Malinda Henderson, *Nurse Practitioner*; State of MN; Dept of Human Services,

        Defendants.

File No. 25-CV-00436 (JMB/SGE)

**ORDER**

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Shannon Elkins, dated February 13, 2025 (Doc. No. 3) on Plaintiff Patrick Ryan Grande's Complaint and application to proceed in forma pauperis (IFP Application). (Doc. Nos. 1, 2.) The R&R recommends dismissal for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b).[1]

The Court reviews the challenged portions of an R&R under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b)(3).

---

[1] Courts must dismiss an action when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (concluding that a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Complaints filed by persons who are not attorneys are to be construed liberally but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

However, the Court need only review for clear error any aspect of an R&R to which no specific objection is made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Grande has not formally objected to the R&R, but he has subsequently filed a "letter" to the Magistrate Judge containing a document titled as an amicus brief submitted by Grande's cousin (Doc. No. 4) and several attached exhibits. The Court has reviewed these filings to discern whether Grande raises any specific objections to the R&R. The submissions are difficult to follow and include much material that is unrelated to the R&R. None of the statements in the submissions explicitly states an objection to the R&R. Moreover, to the extent that any portions of the submissions could be construed as relevant statements of fact, such statements would effectively constitute an amendment to the factual allegations of the Complaint, which cannot be done through an objection to an R&R. Rather, parties must follow all applicable procedural rules concerning amended pleadings. *See generally* Fed. R. Civ. P. 15; D. Minn. L.R. 15.1.[2]

Because Grande makes no specific objections, the Court reviews the R&R for clear error. The Court discerns no such error and concurs with the legal conclusion of the Magistrate Judge that, based on the doctrine of sovereign immunity, neither the State of Minnesota nor the Department of Human Services are subject to § 1983 claims. *See Will*

---

[2] For example, the Magistrate Judge determined that the Complaint did not list the medical director as a defendant, and it did not include factual allegations that the medical director violated Grande's constitutional rights. One attachment to the "amicus brief" submitted by Grande's cousin includes a petition seeking court authorization to administer medications without Grande's consent. (Doc. No. 4-2 at 41.) Even assuming that the attachment was sufficient to implicate the medical director, Grande cannot amend the Complaint to add defendants or to supplement the factual allegations in the Complaint through a response to the R&R or through an amicus brief.

*v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989). In addition, the Court also agrees with the Magistrate Judge's determination that the allegations in the Complaint are not sufficiently detailed to plausibly state a claim upon which relief can be granted. Therefore, the Court adopts the R&R and dismisses the action.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The R&R (Doc. No. 3) is ADOPTED;

2. Plaintiff Patrick Ryan Grande's IFP Application (Doc. No. 2) is DENIED as moot; and

3. The matter is DISMISSED without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 24, 2025                    /s/ *Jeffrey M. Bryan*
                                          Judge Jeffrey M. Bryan
                                          United States District Court